# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY JOHNSON,<br>    Plaintiff | Action No. 3:16-CV-1800 |
| v. | (Judge Nealon) |
| NANCY A. BERRYHILL,[1]<br>Acting Commissioner of Social Security,<br>    Defendant | (Magistrate Judge Schwab) |

## **MEMORANDUM**

## **Background**

On September 1, 2016, Plaintiff, Jeffrey Johnson, filed a complaint seeking review of the Commissioner of the Social Security Administration's ("Commissioner") denial of his applications for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. (Doc. 1). On November 23, 2016, Defendant filed an Answer and Transcript. (Docs. 8 and 9). On March 3, 2017, Plaintiff filed a brief in support of his complaint. (Doc. 14). On March 20, 2017, Defendant filed a brief in opposition. (Doc. 15). A Report and Recommendation ("R&R") was issued by United States

---

[1]Nancy A. Berryhill became the new Acting Commissioner of Social Security on January 23, 2017. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Magistrate Judge Susan E. Schwab on August 30, 2017, recommending that the appeal be granted, the decision of the Commissioner be vacated, and the matter be remanded to the Commissioner for Plaintiff to receive a new administrative hearing. (Doc. 18). Defendant filed a waiver of the right to object, (Doc. 19), and the matter is now ripe for review. Having reviewed the reasoning of the Magistrate Judge, the R&R will be adopted.

**Standard of Review**

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied 484 U.S. 837 (1987); Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D.

Pa. 1998) (Vanaskie, J.).

**Discussion**

Upon review of the present appeal, it is concluded that the Magistrate Judge did not err in finding that substantial evidence does not support the administrative law judge's ("ALJ") decision that Plaintiff was not disabled. The Magistrate Judge appropriately sets forth the standard for reviewing a Social Security appeal and the sequential evaluation process used by an administrative law judge to determine whether the claimant is disabled. (Doc. 18, pp. 3-8). The Magistrate Judge also thoroughly reviews the medical records and the ALJ's decision. (Id. at 9-41). Ultimately, in reliance on an abundance of cases from the United States Court of Appeals for the Third Circuit, Magistrate Judge Schwab determines that the ALJ's decision is not supported by substantial evidence and recommends that this Court grant the appeal, vacate the ALJ's decision, and remand the case to the Commissioner for a new administrative hearing, explaining:

> Although the lack of notations of complaints in a claimant's medical records and the claimant's activities of daily living are certainly things that can shed light on a claimant's credibility, the ALJ here did not adequately explain how those things show that [Plaintiff]'s testimony regarding what is required to care for his colostomy bag were not credible.

(Id. at 40).

Neither party having objected to the Magistrate Judge's recommendations, and this Court having reviewed the R&R for clear error and having found none, Magistrate Judge Schwab's R&R will be adopted. As such, Plaintiff's appeal will be granted, the decision of the Commissioner will be vacated, the matter will be remanded to the Commissioner for a new administrative hearing, and final judgment will be entered in favor of Plaintiff and against Defendant.

A separate Order will be entered.

**Date:** August 31, 2017

/s/ William J. Nealon
**United States District Judge**